**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Peltz, et al., | No. CV-23-00094-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| Kyle Bryson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Vernon Peltz's ("Mr. Peltz") pro se Motion for an Order Requiring Defendant Bryson to Pay for Service. (Doc. 23.) This matter has been fully briefed. (Docs. 23, 30, 32.) As fully explained below, the Court will deny the Motion.

**I.    Background**

On February 27, 2023, Mr. Peltz and other Plaintiffs filed a Prisoner Civil Rights Complaint against several Defendants including the Honorable Kyle Bryson, Presiding Judge of the Pima County Superior Court ("Judge Bryson"). (Doc. 1.) Pursuant to Federal Rule of Civil Procedure 4, Mr. Peltz sent Judge Bryson a voluntary waiver of service form before the time for service of process had expired. (Doc. 23 at 1.)

On March 14, 2023, counsel for Judge Bryson sent Mr. Peltz an email saying, "Plaintiffs seemingly signed the waiver and filed it for Defendant Bryson, which is not allowed. We will be filing a waiver today and correcting the defect in the one filed by Plaintiffs." (Doc. 30-1 at 3.) That day, Judge Bryson's counsel filed a waiver of service on

the docket stating in a footnote that Mr. Peltz had incorrectly signed the waiver form in Judge Bryson's place, thus requiring him to file a newly drafted document. (Doc. 6.) The following day, Judge Bryson filed a Notice of Errata acknowledging that counsel had made a mistake—Mr. Peltz had not signed the waiver form in Judge Bryson's place. (Doc. 11.) Instead, he had signed a written Request for a Waiver that counsel mistook for the waiver form. (*Id.*)

On March 15, 2023, Mr. Peltz responded to the previous day's email saying that he had not signed a waiver nor had he "filed anything since filing the complaint." (Doc. 30-1 at 3.) He then stated, "Therefore I do not know what you are talking about. I assume that you will send a copy of the waiver you file." (*Id.*)

Judge Bryson did not mail Mr. Peltz a copy of the waiver he filed on the docket. (Doc. 30 at 2–3.) Counsel for Judge Bryson explains that her staff was new and sent Mr. Peltz an email after the waiver was filed asking if he wished to have pleadings mailed to him or served electronically. (*Id.* at 3.) Mr. Peltz apparently did not respond to this email. (*Id.*)

On April 17, 2023, Mr. Peltz had Judge Bryson personally served with a summons and a copy of the complaint via process server and paid the $68.00 fee. (Doc. 23 at 2–3.)

Counsel for Judge Bryson avers that she learned on April 27, 2023—via email from Mr. Peltz—that Mr. Peltz never received a conformed copy of the filed waiver. (Doc. 30 at 3.) She then "sent all pleadings filed by Defendant Bryson to each Plaintiff by e-mail and at the address listed in the Complaint and Amended Complaint." (*Id.*)

On April 27, 2023, Mr. Peltz filed the present motion seeking to recover the process server fee. (Doc. 23.) He argues that Judge Bryson's failure to file the voluntary waiver form that Mr. Peltz sent within 30 days required Mr. Peltz to pay for a process server. (*Id.* at 1.) Under Federal Rule of Civil Procedure 4, Mr. Peltz asserts, he is entitled to repayment of the $68 fee from Judge Bryson. (*Id.*)

Judge Bryson opposes the motion because Mr. Peltz was on notice that he would be filing a waiver on the docket, and he indeed filed the waiver the same day he emailed Mr. Peltz. (Doc. 30 at 3.) He further argues that Mr. Peltz did not inquire further or check

the docket to determine if any such waiver had been filed. (*Id.*) Instead, Mr. Peltz unnecessarily paid to have Judge Bryson personally served when service had already been completed via the filed waiver on March 14, 2023. (*Id.*)

In reply, Mr. Peltz argues that Judge Bryson should nonetheless be required to repay the fee because counsel's email "was only evidence of her intention and not actual notice of anything . . . . Attorney Sanders should have to pay because she failed to follow the simple rules and has not shown good cause for that failure." (Doc. 32 at 1.)

## II. Standard of Review

The Federal Rules of Civil Procedure require a plaintiff to serve the summons and a copy of the complaint on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. (4)(c), (m). A defendant "has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Rule 4 further provides:

> If a defendant located within the United States fails, *without good cause,* to sign *and return* a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2)(A)–(B) (emphasis added).

Therefore, "a defendant may waive formal service of process by executing a waiver of process and returning the waiver to plaintiff." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n. 11 (D. Kan. 2008) (citing Fed. R. Civ. P. 4). "Compliance with the waiver provision requires that the waiver be executed by the defendant, returned to the plaintiff, and filed by the plaintiff with the court." *Id.* (quoting *Bernard v. Husky Truck Stop*, 45 F.3d 439, 1995 WL 4087, at *1 (10th Cir. Jan. 6, 1995) (unpublished table decision)).

///

///

### III. Discussion

The Court finds that Judge Bryson, through his counsel, failed to comply with Rule 4 by filing a waiver on the docket. Rule 4 does require the defendant to return the waiver to the plaintiff so the plaintiff—whose burden it is to effectuate service—may file the waiver with the Court.

However, the Court will not require Judge Bryson to pay the service fee because it believes he has shown good cause for failing to return the waiver. First, counsel immediately filed a Notice of Errata acknowledging that the reason Judge Bryson filed a different waiver (believing Mr. Peltz incorrectly signed the waiver) was a mistake. Second, counsel notified Mr. Peltz that she would be filing a waiver and in fact did so that same day. A copy should have been mailed to Mr. Peltz. However, although Mr. Peltz only knew about her "intent" to file, he knew enough to inquire further before paying for service. In fact, he said himself that he was expecting to receive a copy of any waiver that was filed. Even if Mr. Peltz did not check the docket himself, a follow up call or email to Judge Bryson's counsel would have been appropriate when he did not receive any such waiver.

### IV. Other Matters

In his Response, Judge Bryson includes argument regarding Plaintiff Patrick Gonzalez's potential failure to file a notice of change of address. (Doc. 30 at 4.) As this is not the issue presented by this Motion, there has been no briefing from Plaintiff Gonzalez on the matter. Therefore, the Court is not sure what action Judge Bryson seeks with this argument and will not take any action except to remind all Plaintiffs that, pursuant to Local Rule of Civil Procedure 83.3(c)(1) and (d), they must file a notice of a name or address change no later than fourteen (14) days before the effective date of the change. It goes without saying that the address provided must be *accurate*. It would serve no purpose if opposing counsel or the Court cannot effectively send mail to Plaintiffs at the listed address.

Finally, the Court is loath to police language used by the parties in their pleadings, let alone in their correspondence with one another. However, having read the pleadings

and attached exhibits, the Court will urge all parties to remain civil in their communication. The Court has no interest in reading name-calling or bickering in any document the parties file.

## V.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**. (Doc. 23.)

Dated this 7th day of August, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge